IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ERIC BROSTEN,<br><br>    Plaintiff,<br><br>vs.<br><br>U-HAUL,<br><br>    Defendant. | CV 15-67-BU-BMM-JCL<br><br>FINDINGS AND<br>RECOMMENDATION |

**I.** **Introduction**

Plaintiff Eric Brosten filed a pleading in this matter, together with his application for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1). Section 1915 authorizes a court to grant a litigant leave to proceed in forma pauperis if the applicant's affidavit sufficiently indicates that the applicant cannot pay court costs and still provide the necessities of life for herself and her family. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is well established that the district court has discretion in determining whether a litigant is entitled to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

1

Nonetheless, "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). Therefore, the Court will first consider whether Brosten's pleading has merit, or whether it is frivolous and subject to dismissal.

## II. Plaintiff's Allegations

Brosten titles his pleading as "Conspiracy to interfere with civil rights[.]" (Doc. 2 at 1.) Brosten states that after he had trouble with a storage facility in Washington D.C., he moved his belongings to a U-Haul storage site. According to Brosten, at some point in time U-Haul denied him access to his storage unit. He asserts U-Haul is engaging in criminal conduct by disposing of his personal property. He purports to present his claims under 42 U.S.C. § 1985, and he quotes the provisions of subsection (2) and (3) of section 1985. For his relief, he requests a percentage of "four trillion" – presumably he means four trillion dollars.

## III. Discussion

Because Brosten is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See*

*also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Again, in considering Brosten's in forma pauperis request, the Court is authorized to deny the request if the litigant's proposed pleading is frivolous or without merit. *Minetti*, 152 F.3d at 1115. The court retains discretion in determining whether a pleading is "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint is frivolous if it has no "arguable basis in law or fact." *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For example, a totally incomprehensible claim or complaint is without an arguable basis in law. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by 28 U.S.C. § 1915(e)(2)(B) on other grounds.

Based on the forgoing legal authority, the Court finds that Brosten's allegations, advanced under 42 U.S.C. § 1985, are frivolous because they fail to

state a claim upon which relief could be granted. The provisions of section 1985 generally prohibit two or more individuals from engaging in a conspiracy to deprive an individual of civil rights in specific circumstances. For example, individual defendants may be liable: "If two or more persons [...] conspire [...] for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]" 42 U.S.C. § 1985(3). *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

Section 1985 also requires allegations of a discriminatory motive. A cognizable claim under the second part of section 1985(2) "'requires an allegation of class-based, invidiously discriminatory animus.'" *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 763 (9th Cir. 1991) (citation omitted). Similarly, section 1985(3) requires that defendants were "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) (citation omitted) (addressing claim under section 1985(3)). But section 1985(3) has also been extended in limited situations to protect some "non-racial groups only if 'the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or ... Congress has indicated

4

through legislation that the class require[s] special protection.'" *Holgate*, 425 F.3d at 676.

Finally, a viable claim under 42 U.S.C. § 1985(3) requires sufficient "evidence of a conspiracy and an act in furtherance of that conspiracy[.]" *Holgate*, 425 F.3d at 676.

Brosten's factual allegations do not satisfy the elements of a claim under subsections 1985(2) or (3). First, he does not allege U-Haul actually conspired with any other individual or entity. The language of the statute requires the existence of a conspiracy between "two or more people[.]" 42 U.S.C. § 1985(2) and (3). Second, Brosten does not identify any acts committed in furtherance of a specific conspiracy. Third, Brosten does not allege that U-Haul was motivated by any racial, or class-based discriminatory intent. Nor does Brosten allege he is a member of a recognized suspect or quasi-suspect class that falls within the protection of section 1985(3). Therefore, he fails to sufficiently state a claim for relief under either the second part of 42 U.S.C. § 1985(2), or the first part of § 1985(3).

Admittedly, the first portion of section 1985(2) does not require allegations of a racial, or class-based, discriminatory animus that motivated the defendants' actions. *See e.g. Kush v. Rutledge*, 460 U.S. 719, 726 (1983). But that section of

the statute pertains to circumstances which implicate federal interests only in limited situations. For example, the first part of section 1985(2), as applicable in *Kush*, prohibits civil rights conspiracies in connection with federal judicial proceedings. *Kush*, 460 U.S. at 724-25. Brosten's allegations do not indicate that any federal judicial proceeding was involved in, or related to, the facts of his case.

### III. CONCLUSION

For the reasons discussed above, the Court concludes Brosten's pleading is frivolous because it fails to state a claim for relief under 42 U.S.C. § 1985. The Court further finds that Brosten's pleading could not possibly be cured by amendment to allege additional facts. Therefore, IT IS HEREBY RECOMMENDED that Brosten's request to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) be DENIED, and this action should be DISMISSED.

DATED this 13th day of November, 2015.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge